Case 8:16-cv-02645-VMC-TBM   Document 1   Filed 09/14/16   Page 1 of 15 PageID 1

IN AND FOR THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TAMPA FLORIDA

DENISE GARRETTE

vs.

GRACEPOINT MENTAL HEALTH FACILITY

HILLSBOROUGH COUNTY SHERIFF

8:16cv 2645 T 33 TBM

**Pursuant to Violation Title VI of the Civil Rights Act of 1964** (42 U.S.C. § 2000d and 28 C.F.R. §42.101 et seq.)

I

Plaintiff files this claim against Defendants for deprivation of rights to the provision of Title VI of the Civil Rights Act of 1964 whereas an act of retaliation was conducted Under the Color of Law violated both 42 U.S.C. § 2000d and 28 C.F.R. §42.101 et seq.

### JURISDICTION AND VENUE

4. This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the United States Constitution and 28 U.S.C. § 1331.

5. The Court also has jurisdiction under the Administrative Procedures Act,

1. U.S.C. § 702. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

2. This Court has also has Jurisdiction under 28 U.S.C. § 1343(a)(3) (1993) (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

And Jurisdiction under 28 U.S.C. § 1331 (1993) "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

And also Jurisdiction under 28 U.S.C. § 1367(a) (1993) : [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## PARTIES

Denise Garrette a citizen of the United States resides in Hillsborough County in the State of Florida sues on the behalf of self and immediate family household members.

Hillsborough County Sheriff Office located in and operates in Hillsborough County in the State of Florida.

Gracepoint Mental Healthcare located in and operates in Hillsborough County in the State of Florida.

## LEGAL STANDARD

### § 42.104 Discrimination prohibited & 42 U.S.C. § 2000d

**(a) General.** No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this subpart applies.

(b) Specific discriminatory actions prohibited.

(1) A recipient to which this subpart applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny an individual any disposition, service, financial aid, or benefit provided under the program;

**(ii)** Provide any disposition, service, financial aid, or benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

**(iii)** Subject an individual to segregation or separate treatment in any matter related to his receipt of any disposition, service, financial aid, or benefit under the program;

**(iv)** Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any disposition, service, financial aid, or benefit under the program;

**(v)** Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which individuals must meet in order to be provided any disposition, service, financial aid, function or benefit provided under the program; or

**(vi)** Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program (including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section).

**(vii)** Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

**(2)** A recipient, in determining the type of disposition, services, financial aid, benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

**(3)** In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this subpart applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this subpart.

**(4)** For the purposes of this section the disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance shall be deemed to include all portions of the recipient's program or activity, including

facilities, equipment, or property provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and in paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.[1]

## 42 U.S.C. § 2000d

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.[2]

---

[1] https://www.law.cornell.edu/cfr/text/28/42.104
[2] (Pub. L. 88-352, title VI, § 601, July 2, 1964, 78 Stat. 252.)

## **FACTUAL BACKGROUND**

On Jan 11, 2016 Plaintiff called Centers for Medicare & Medicad Services seeking professional medical assistance. The customer service Rep Kevin Evans (IDW276172) herein after CMS Rep verified Plaintiffs information and continued the call.

Plaintiff began to a rational explanation for the call received by Rep Kevin Evans Centers for Medicare & Medicad herein after ( CMS), about the problems with the contracted Medicare Doctors being misrepresented, cancelled appointments, refused referrals all have amounted to negligence. Also discussed prior surgical procedure in which Plaintiff have been experiencing an Ongoing Violation. (CMS) Rep began a series of question, that included if Plaintiff wanted to kill herself. Plaintiff stated that she did not want to kill herself but wish she had the expertise to remove the wrong that was done to Plaintiff. The (CMS) Rep placed Plaintiff on hold, 20 min later, Plaintiff received a knock at the front door of her residence, it was Hillsborough County Sheriff Dept. called by (CMS) Rep who had told the Sheriff Dept. that Plaintiff stated that, she wanted to kill herself.

The Hillsborough County Sheriff Dept. told Plaintiff that they wanted to make sure that she was ok, plaintiff who was on the phone at that time talking with the Supervisor of (CMS) Rep, who was saying that it was a misunderstanding, placed Plaintiff on hold while they called the Hillsborough County Sheriff Dept. to try and

resolve the situation, but the Hillsborough County Sheriff was not satisfied with seeing Plaintiff through a window, they were insisting to come into the home to make sure that plaintiff was okay, Plaintiff did not trust the officers and did not want to let them in her home for fear of an inexcusable Baker Act.

Plaintiff's son stepped outside to speak with Hillsborough County Sheriff Officers to ensure them that Plaintiff was ok, when the Officers made their way into the home, they pursued plaintiff behind a locked room door, in pretense of plaintiff safety and welfare, but in actuality set to Deny Plaintiff Due Process, Deceived Plaintiff pretending about wellfare, Degrade Plaintiff with Baker Act, Disrupt Plaintiff daily activities with household & family, Destroy Plaintiff credibility with the unnecessary hospitalization that will cause future irreparable harm. Plaintiff was released 12 hours later, and found not to have met the criteria for a Baker Act. Fla. Statute 394.467.

On Feb 26, 2016 at 9:30 am, Officer McMertry of the Hillsborough County Sheriff Dept, came out to Plaintiff's residence unannounced, waking Plaintiff and asking questions about calls made to the Hillsborough County Sheriff Dept. because of disturbances, and noises around the property of the residence. Plaintiff asked, who called him out then, Officer McMertry said no one. Officer MeMertry asked Plaintiff if she had ever been evaluated by a psychiatrist, Plaintiff said yes, he then asked what did the Dr. Say, Plaintiff asked what did having an evaluation had to do

with the calls made about the disturbances and noises around the property, he said that plaintiff needed to be examined and was I was going to see when came back. The GracePoint Mobile Crisis Unit came out to the residence of Plaintiff asked a couple of questions, accessed plaintiff over the phone and placed under a Baker Act. Deny Plaintiff Due Process, Deceived Plaintiff pretending about welfare, Degrade Plaintiff with Baker Act, Disrupt Plaintiff daily activities with household & family, Destroy Plaintiff credibility with the unnecessary hospitalization that will cause future irreparable harm. Plaintiff was released 72 hours later, and found not to have met the criteria for a Baker Act. Fla. Statute 394.467.

On August 23, 2016, GracePoint Mental Health Mobile Crisis Unit arrived at Plaintiffs home unbeknownst to Plaintiff. The Driver of the mobile crisis vehicle was a black female ( name unknown) offered no identification or state business card, ask to speak with Denise Garrette,, Plaintiff asked who wanted to know, she stated that they were the GracePoint Crisis Unit and they needed to speak with me, I asked her who sent her she stated that, they were called by the Hillsborough County Sheriff Department.

The Psychiatrist introduced himself, but again, showed no identification, produced no state business card, told plaintiff that he promised that if plaintiff filed a complaint against the Hillsborough County Sheriff Dept. that Plaintiff was going to be forced & locked up in the State Mental Hospital.

The Psychiatrist stated that he would give Plaintiff relief.

Plaintiff said that the Officers were retaliating against plaintiff for filing a complaint in violation of the 1st & 4th Amendment and other violations.

Plaintiff Filed a Declaratory and Injunctive Relief against Defendant On August 22, 2016 and the GracePoint Mobile Crisis Team arrived on August 24, 2016 threating to deprive Plaintiff of due process and Liberty by threatening to remove Plaintiff from society and have forced in a State Mental Hospital.

Plaintiff allege that the Psychiatrist began to question Plaintiff according the allegations made against the Hillsborough Sheriff Dept. as Plaintiff began exercising the 1st Amendment right of a rational explanation under the provision of Rule 701 Testimony opinion by layman[3] in response to the Psychiatrist questions, the Psychiatrist immediately interrupted Plaintiff stating that plaintiff sounded delusional.

The Psychiatrist told Plaintiff to leave the Hillsborough County Sheriff Dept. alone don't call them, depriving plaintiff of equal protection under the law. Plaintiff allege that Hillsborough County Sheriff Dept. under the Color of Law conspired with Grace Point Crisis Mobile Unit to deprive Plaintiff 1st Amendment right to address a grievance against a public employee.

---

[3] Rule 701. Opinion Testimony by Lay Witnesses

Plaintiff allege to have been treated differently when the Psychiatrist threatened to intentionally interfere, hinder or enable plaintiff from timely responding to the Courts actions on the pending case.[4]

Plaintiff allege that the Hillsborough County Sheriff Dept. and other Government Employees ( Unbeknownst) share HIPPA and Adverse Medical Act information involving Plaintiff with current neighbors intentionally causing animosity and degrading by enabling access to the same electronic surveillance equipment.

Plaintiff allege that the Psychiatrist & Hillsborough County Sheriff Dept. are using unfounded and abusive information to build an permanent mental and psychological record that will cause future irreparable harm.

Plaintiff allege, that having had intentionally unnecessary past mental hospitalization subjects plaintiff to the New Helping Families in Mental Health Crisis Act". Whereas in subpart; has a history of violence, incarceration, or medically unnecessary hospitalizations.

Plaintiff allege that the Hillsborough County Sheriff Dept. Intelligence Investigative Division provided records for the Baker Act on Jan 11, 2016 and Feb, 11, 2016. both hospitalizations were unnecessary, projecting future further harm under the New Helping Families in Mental Health Crisis Act. The Intelligence

---

[4] Motion for Consolidation pursuant to Rule 42(a)

Division also investigated the Baker Act 2010 by Manatee County Sheriff Dept. where Plaintiff was released 12 hours later, once again found unnecessary. And furthermore the forced mental Hospital Stay by St Anthony's either contract or staff employees, investigated and found by ACHA of Florida to be in violation of Complaint Survey CCR 213003566 Where Plaintiff was denied Emergency Access to medical Services as provided under Rules H04959-A3.255(6)(e) FAC Emergency Care written policies and procedures.

Plaintiff allege that the subpart of the New Helping Families in Mental Health Crisis Act states; has a history of violence, incarceration, or medically unnecessary hospitalization would abridge Plaintiff right to the 1st Amendment.

- Plaintiff alleged that the subpart New Helping Families in Mental Health Crisis Act states; may be unable, for reasons other than indigence, to provide for any of his or her basic needs, such as food, clothing, shelter, health, or safety. The inability to protect one self against violations of rights from the use of Surveillance Equipment and its Devices whom Law enforcement, State Representatives have access falls under subpart, for reasons other than indigence, is created to abridge the right of the people for other reasons than indigence.

- It would strip away patient's rights and replace them with required "involuntary commitment" and "early detection" programs.[5]

## DEFENDANTS VIOLATIONS

Laws prohibit both individual instances and patterns or practices of discriminatory misconduct, i.e., treating a person differently because of race, color, national origin, sex, or religion. And on the basis of a disability [6] or regard as having a disability or mental impairment.[7] The misconduct covered by Title VI and the OJP (Office of Justice Programs) Program Statute includes, for example, harassment or use of racial slurs, unjustified arrests, discriminatory traffic stops, coercive sexual conduct, retaliation for filing a complaint with DOJ or participating in the investigation, use of excessive force, or refusal by the agency to respond to complaints alleging discriminatory treatment by its officers.[8]

violates **42.104 Discrimination prohibited& 28 C.F.R. §42.101 et seq,** Violated 1st and 4th Amendment Rights of both the Florida and U.S. Constitution.

## CAUSE OF ACTIONS

---

[5] http://lakerlutznews.com/lln/?p=24160
[6] 42 U.S.C. § 12131, et seq. and 29 U.S.C. § 794)
[7] https://www.justice.gov/crt/addressing-police-misconduct-laws-enforced-department-justice
[8] https://www.justice.gov/crt/addressing-police-misconduct-laws-enforced-department-justice

The Psychiatrist threat to force State Hospitalize in retaliation for filing against complaint Hillsborough County Sheriff Dept. violates **42.104 Discrimination prohibited& 28 C.F.R. §42.101 et seq,**

Hillsborough County Sheriff Dept. & the Psychiatrist acted under the Color of Law, in excess and abuse of authority with no cause, reason or action.

by threatening Plaintiff liberty with removing from society and enjoyment of making ones own decisions.

30. Hillsborough County Sheriff Dept. have harassed and threatened Plaintiff with forced unnecessary Hospitalization that will cause future irreparable harm under the New Helping Families in Mental Health Crisis Act"

**WHEREFORE;** Plaintiff respectfully request that this Court:

Declare that the Acts of the Hillsborough County Sheriff Dept. & Psychiatrist violated Under the Color of Law.

Declare that the acts of the Hillsborough County Sheriff Dept. & Psychiatrist violated Plaintiff Rights under **42.104 Discrimination prohibited & 28 C.F.R. §42.101 et seq,**

Declare that Hillsborough County Sheriff Dept. & The Psychiatrist exceeded and abused authority in threatening to remove Plaintiff from society while denying Due Process of Law.

Declare that the Hillsborough County Sheriff Dept. & The Psychiatrist violated Plaintiff Rights to Equal Protection under the law by telling Plaintiff not to call the Sheriff's Office.

Declare that Hillsborough County Sheriff Dept. violated 1st and 4th Amendment Rights, to the provision of HIPPA and Adverse Medical Act enabling neighbors access to same electronic surveillance equipment.

I, DENISE GARRETTE, HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE FORGOING TO THE BEST OF MY RATIONAL PERCEPTION IS CORRECT AND TRUE AND HAVE BEEN MAILED TO THE FOLLOWING; HILLSBORUGH COUNTY SHERIFF DEPT at 2008 E 8th Ave Tampa FL 33605, and GRACEPOINT MENTAL HEALTHCARE at 5707 N 22nd Street, Tampa, FL 33610 and the UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TAMPA FLORIDA at 801 N Florida Ave, Tampa Florida 33602.

*[signature]*
DENISE GARRETTE
PO BOX 754
GIBSONTON FL 33534
DGARRETTECSR@GMAIL.COM