**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DENISE GARRETTE,**

        **Plaintiff,**

**v.**                                  **Case No. 8:16-cv-2645-33TBM**

**GRACEPOINT MENTAL HEALTH**
**FACILITY and HILLSBOROUGH**
**COUNTY SHERIFF,**

        **Defendants.**

_____/

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.  As explained below, I recommend that the motion be denied and that Plaintiff's Complaint be dismissed with prejudice.

### I.

Pursuant to 28 U.S.C. § 1915, a district court may authorize the "commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the district court must review the case and dismiss the complaint *sua sponte* if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 14890 (11th Cir. 1997).  As such, dismissal is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Dismissal on the basis of frivolousness is appropriate where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without an arguable basis either in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989).  Accordingly, where the allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

*Pro se* pleadings, however, are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008)).  But, the district court cannot serve as *de facto* counsel for a party or "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

**II.**

**A.**

Initially, I find that Plaintiff fails to demonstrate indigency.  The Affidavit of

Indigency ("Affidavit") Plaintiff submits is the "DC 101" form available on this Court's

website.  *See* https://www.flmd.uscourts.gov/forms/forms_policies.htm (last visited Nov. 17,

2017).  Plaintiff's Affidavit is incomplete in two ways.  First, Plaintiff leaves many sections

of the Affidavit blank.  The only information Plaintiff provides is that she pays $900.00 a

month in rent and does not have a car.  She provides no information on other expenses,

income, assets, or financial accounts.  Second, Plaintiff submits only four pages of the six-

page Affidavit.  Plaintiff's failure to complete the other two pages is significant.  One of the

missing pages addresses information on marital status, dependents, employment, and financial

aid.  The other provides a statement each affiant must read, sign, and have notarized.

In these circumstances, Plaintiff fails to demonstrate her inability to pay the filing fee

and entitlement to indigent status.  As such, the motion should be denied on this basis.

**B.**

The motion should be denied on substantive grounds as well.  Plaintiff purports to sue

Defendants on behalf of herself and her "immediate family household members" for

"deprivation of rights to the provision of Title VI of the Civil Rights Act of 1964 whereas an

act of retaliation was conducted Under the Color of Law violated both 42 U.S.C. § 2000d and

28 C.F.R. § 42.101, et seq."[1]  (Doc. 1 at 1, 3).  Plaintiff alleges federal question jurisdiction,

---

[1]Title VI prohibits discrimination on account of race, color, or national origin in all
programs and activities receiving federal financial assistance.  42 U.S.C. § 2000d.

3

but also claims jurisdiction under the Administrative Procedures Act, the Declaratory

Judgment Act, and other statutes and constitutional amendments.  (Doc. 1 at 1, 2).  And, to

put it kindly, the factual allegations and claims alleged in the Complaint are all over the map.

While the alleged temporal scope appears narrow, the conduct underlying Plaintiff's

grievances occurred on four different days in 2016, the allegations are confusing, rambling

and largely indecipherable.[2]

The Complaint is subject to dismissal because it fails to clearly support the Court's

jurisdiction or state a claim for which relief can be granted.  A complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the

claim is and the grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The allegations in the complaint

"must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Further, the claims must be

stated "in numbered paragraphs, each limited as far as practicable to a single set of

circumstances."  Fed. R. Civ. P. 10(b).  A complaint does not comply with those standards if

it is impossible to determine which allegations of fact are intended to support which claim(s)

for relief.  *Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014) (citations omitted).

The Complaint (Doc. 1) is the antithesis of "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Liberally construed, the allegations in the

Complaint fail to support cognizable causes of action and/or identify discrete errors subject to

---

[2]According to prior filings, Plaintiff underwent spinal surgery in 2011.  Plaintiff
alleges that doctors implanted biomedical surveillance devices into her body at that time.

review with relevant factual allegations consistent with the requirements of Federal Rules of Civil Procedure 8 and 10.  The Complaint does not include "short and plain" statements of Plaintiff's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances."  As such, it is an impermissible shotgun pleading.  *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates "either Rule 8(a)(2) or Rule 10(b), or both").  The allegations simply are insufficient to ascertain the nature of Plaintiff's claim(s) and this Court's jurisdiction.  Moreover and significantly, the Complaint is insufficient to give Defendants fair notice of what claims are raised and the grounds upon which they are based.  Notwithstanding her *pro se* status, Plaintiff must conform to procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

The Complaint fails to state a claim for relief that is plausible on its face.  *See Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Here, Plaintiff repeatedly cites to Title VI and a related regulation.  The Complaint, however, does not include any allegations of race, color, or nationality such that Plaintiff could bring a Title VI claim.  Moreover, the rambling and fanciful content pleaded does not allow for this Court to conclude that Defendants engaged in conduct prohibited under Title VI, let alone that they are liable for Title VI violations or that they engaged in a conspiracy related to the same.  As for the vague allegations or references to violations of due process and the First and Fourth Amendments,

there simply are no sufficient allegations that state or could state a claim to relief that is plausible on its face.

The Complaint is also subject to dismissal as frivolous.  As indicated above, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 32-33; *see also Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (A claim is considered frivolous if it "is without arguable merit either in law or fact.").  Here, the allegations in the Complaint appear clearly baseless, fanciful, delusional, without an arguable basis either in law or in fact, and even "rise to the level of the irrational or the wholly incredible" thereby rendering the allegations frivolous for purposes of 28 U.S.C. § 1915(e)(2).  *See Denton*, 504 U.S. at 32-33; *Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (holding that district court did not abuse its discretion in dismissing complaint as frivolous where it presented a far-fetched scenario based on assertions of a massive conspiracy to monitor the plaintiff which was clearly baseless). The allegations in Plaintiff's prior filings with this Court support this finding as well.

As recognized by other judges in this courthouse, Plaintiff has established herself as a prolific filer in the Middle District of Florida.  In 2011 and 2012, Plaintiff asserted several frivolous or baseless claims, including that her constitutional rights had been violated, which resulted in the dismissal of each of her actions.  *See Garrette v. Smith et al*., Case No. 8:11-cv-1600-T-17TGW (amended complaint that alleged false arrest and improper Baker Act dismissed with prejudice as "disorganized, vague, ambiguous" and based on immunity of the defendants); *Garrette v. Karp et al*., Case No. 8:11-cv-2463-T-33MAP (complaint alleging

6

defendants violated her constitutional rights by implanting biomedical devices in various parts of her body dismissed for failure to state a claim); *Garrette v. Attorney Gen., State of Fla, et al*., Case No. 8:11-cv-2465-T-26TGW (complaint alleging defendants violated her constitutional rights by implanting biomedical devices in various parts of her body dismissed for failure to state a claim); *Garrette v. Attorney Gen., et al*., Case No. 8:11-cv-2597-T-27EAJ (complaint alleging defendants implanted biomedical surveillance devices dismissed with prejudice as frivolous due to "irrational" and "wholly incredible" allegations); *Garrette v. Polzak, et al*., Case No. 8:12-cv-1587-T-17MAP (a complaint dismissed without prejudice that alleged defendants initiated criminal prosecution of her in bad faith in order to place her in a mental institution and conceal their medical experiment on her).  Most recently, in addition to the instant action, Plaintiff filed at least ten complaints asserting tangentially related allegations against various entities and individuals.  *See Garrette v. Rubio, et al.*, Case No. 8:16-cv-2695-T-33MAP (complaint filed September 19, 2016, alleges defendants discriminated against her and violated her constitutional rights); *Garrette v. Fla. Dep't of Transp.*, case no.: 8:16-cv-2689-T-35AEP (complaint filed September 19, 2016, alleges defendant's surveillance program violated her constitutional rights and certain statutes); *Garrette v. Palmetto Police Dep't, et al.*, Case No. 8:16-cv-2407-T-17MAP (complaint filed August 22, 2106, alleges defendants violated her constitutional rights by carrying out a secret government surveillance program designed to intercept her telephone and internet communications), which was consolidated with seven other cases, including *Garrette v. Saint Petersburg Police Dep't et al.*, Case No. 8:16-cv-2408-T-17JSS; *Garrette v. Hillsborough Cnty. Fire & Rescue*, Case No. 8:16-cv-2409-T-17AAS; *Garrette v. Hillsborough Cnty.*

7

*Sheriff Dep't, et al.*, Case No. 8:16-cv-2410-T-27TBM; *Garrette v. Manatee Cnty. Sheriff Dep't et al.*, Case No. 8:16-cv-2543-T-17MAP; *Garrette v. Castor et al.*, Case No. 8:16-cv-2644-T-17AAS; *Garrette v. Fla. Highway Patrol*, Case No. 8:16-cv-2696-T-17AEP; and *Garrette v. Fed. Bureau of Investigation et al.*, Case No. 8:16-cv-2823-T-17AAS.[3]

Finally, under these circumstances, a dismissal with leave to amend would not be appropriate.  In the usual course, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim.[4]  *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding this rule inapplicable to counseled plaintiffs).  A district court, however, is not required to grant leave to amend where amendment would be futile.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal.  *Id.* In this case, granting Plaintiff leave to amend would be futile.  Any amended complaint on the

---

[3]Notably, in the consolidated case, United States Magistrate Judge Mark A. Pizzo entered a Report and Recommendation, in which he recommended dismissing Plaintiff's complaints, denying Plaintiff's motions to proceed *in forma pauperis*, and precluding Plaintiff from commencing future civil actions in this Court unless a Magistrate Judge first reviews the newly proposed complaint to determine whether Plaintiff presents an actionable claim for this Court's review. *See Garrette v. Palmetto Police Dep't, et al.*, Case No. 8:16-cv-2407-T-17MAP at Doc. 31 (filed Oct. 21, 2016).

[4]Rule 15(a) of the Federal Rules of Civil Procedure states that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or within 21 days after the earlier of service of any responsive pleading or service of a Rule 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2).  The district court "should freely give leave when justice so requires."  *Id.*

basis of the allegations now presented and attempted claims would still be properly dismissed because it does not appear that Plaintiff could state a valid federal claim for relief that is plausible on its face if given an opportunity to amend.

### III.

For these reasons, it is **RECOMMENDED** that the Court **DENY** the construed motion (Doc. 2) and **DISMISS** the Complaint (Doc. 1) with prejudice.

Respectfully submitted this
20th day of November 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
*Pro se* Plaintiff
Counsel of record